**UNITED STATES of America, Plaintiff,**

v.

**Kevin EDWARDS, Defendant.**

**No. 88 CR 159.**

United States District Court,
N.D. Illinois, E.D.

June 3, 1988.

Anton R. Valukas, U.S. Atty., by Michael Shepard, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Lewis Myers, Jr., Chicago, Ill., for defendant.

**ORDER**

BUA, District Judge.

According to 18 U.S.C. § 3143(b), a person who has been found guilty of an offense and is awaiting sentencing shall be detained unless clear and convincing evidence exists that the person is not likely to flee or pose a danger to the safety of another person or the community. Under this section, the defendant carries the burden of showing the absence of dangerousness and risk of flight.

Defendant was charged with and convicted of knowingly possessing over two kilograms of cocaine with intent to distribute. According to evidence presented at trial, defendant was returning from his third trip in recent months from Los Angeles on an Amtrak train. While the train made a two-hour stop at Union Station in Chicago, defendant left the train with his bags and was subsequently addressed by undercover agents. After a brief but enlightening discussion, defendant's bags were detained for a sniff test by a trained narcotics dog. A subsequent search pursuant to a warrant uncovered two sealed packages of cocaine found beneath neatly folded clothing in defendant's baggage.

Defendant claimed at trial that he had no knowledge of the cocaine in his bags and suggested it was inserted by a third party. After rigorous cross-examination, it became clear that defendant had perjured himself on direct examination on at least a half dozen occasions. Although initially denying he had visited Los Angeles on any prior occasions, evidence presented by the prosecution showed that defendant had taken two similar trips to Los Angeles in recent months. In each case, defendant flew to Los Angeles, stayed at the same Los Angeles hotel, and returned on Am-

trak. Although questions concerning defendant's employment history produced few, if any, clear answers, defendant claimed that he was employed as a general worker installing insulation. Defendant testified that he was paid $50 to $75 in cash for a day's work.

Although defendant does not appear to pose a risk of flight, defendant is unable to overcome the presumption that, if released on appellate bail, he will pose a threat of danger to the community. Evidence presented at trial strongly suggests that defendant is a veteran drug courier who, if released, will continue to ply his trade. Defendant's assertions that he is not a violent person and was not arrested with any weapons misses the boat. Defendant's recent trips to Los Angeles, extravagant spending habits, and dubious employment record leave no doubt that, if granted bail, defendant will endanger the safety of the community by continuing to traffic narcotics. Because defendant has not produced clear and convincing proof that he will not threaten the safety of the community if released, defendant's motion for appellate bail is denied.